# Benjamin S. Roberts, plaintiff in error vs. Samuel Smith & Arthur Halferty, defendants in error.

### Error to Lee.

A judgment for a greater amount than that contained in the bill of particulars is erroneous. This would be cured by a *remittitur*, but the Supreme Court will not order that to be done.

An informal oath administered to a jury, although the informallity appearing, may be a clerical mistake, cannot be disregarded.

This was an action of assumpsit and attachment, instituted by Samuel Smith, who sued for the use of Arthur Halferty, against Benjamin S. Roberts. The bill of particulars appended to the declaration was for work and labor amounting to $87,50. Publication was made and proven, and property attached. And at the April term 1843, the defendant having made default the case was submitted to a jury, " who were em-

53

pannelled and sworn to assess the damages of said plaintiff, at ninety-two dollars and seventy-five cents." (as set out in the record.)

A judgment was rendered for that amount, and costs against the defendant.

Roberts brought up the case upon writ of error.

Assignment of errors.

1. The declaration in said suit and the matters therein contained are not sufficient in law to maintain the said action. Stephens Pleadings 304 ; and note to 2d appendix, page 150 ; 1 Chitty's Pleadings 2.

2. There is nothing of record, in the said suit showing that the said Arthur Halferty was in any manner beneficially or legally interested in the acount of the said Samuel Smith, upon which said action was brought.

See authorities cited above, and 6 John. R, 318 ; 6 Missouri Rep. ; Barnes 239 ; 1 Term. Rep. 62 ; 2 Show. Pothier 315, No. 130.

3. That the judgment record in said suit is entered up, and the pleadings in the case, are insufficient, to bar said Smith in another suit upon the same account, nothing in said record and pleadings showing that said Smith authorized said suit or assigned to said Halferty any interest or right in the account sued upon.

See same authorities and Vanness' opinion in the case of Denton vs. Noyes, 6 John. R. 315.

4. That the judgment, record and pleadings do not show a right of action on the part of said Arthur Halferty, who is the beneficiary in the suit, 1 Chit. Pl. 2 ; Stephen's Pl. 304.

5. The affidavit upon which the attachment issued does not allege that any thing is due said Smith or Halferty from the defendant in the suit below, as required by statute.

6. The affidavit alleges an indebtedness of eighty-seven dollars fifty cents or thereabouts and judgment was entered for ninety-two dollars and seventy-five cents damages.

7. The jury empannelled to assess the damages were sworn to assess the damages at $92,75

8. Notice of publication was not proved until three days after the default.

B. S. Roberts, in pro. per.

Miller & Galbraith, for defendant in error.

Per Curiam, Mason, Chief Justice.—Of all the errors assigned in this case there are only two which seem worthy of much consideration. One of these is that the verdict was for a larger amount than that

claimed by the plaintiff. The bill of particulars attached to the declaration only demanded eighty seven dollars and fifty cents, without any claim for interest. This must limit the amount of the recovery, and the verdict for ninety-two dollars and seventy-one cents was erroneous.

It is true this would be cured by a remittitur, but as the defendant is not represented here we cannot take it upon ourselves to direct such a step to be taken.

Another error which we think substantial, is found in the oath of the jury as set forth in the record and though this is doubtless a clerical error, it is there, and uncorrected and we cannot disregard it.

Judgment set aside and case remanded for further proceedings.